J-S80026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JACQUITA R. KIERNAN | |
| Appellant | No. 347 MDA 2016 |

Appeal from the Judgment of Sentence February 9, 2016
In the Court of Common Pleas of Huntingdon County
Criminal Division at No: CP-31-CR-0000618-2014

BEFORE:  LAZARUS, STABILE, and RANSOM, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JANUARY 19, 2017**

Appellant, Jacquita R. Kiernan, appeals from the February 9, 2016 judgment of sentence in the Court of Common Pleas of Huntingdon County ("trial court") following her open guilty plea to possession with intent to deliver a controlled substance, criminal conspiracy, criminal use of a communication facility, dealing in proceeds of unlawful activity, and two counts of corrupt organizations.[1]   Appellant challenges the discretionary aspects of sentencing.  Upon review, we affirm.

On September 8, 2015, Appellant entered into an open guilty plea to all six charges.  On February 9, 2016, Appellant was sentenced to an aggregate sentence of 60-120 months incarceration and that she was RRRI

_____

[1] 35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. §§ 903, 7512, 5111(a), and 911(b) respectively.

eligible. Appellant did not make a motion to modify sentence on the record at the time of sentencing or file a post-sentence motion. On February 26, 2016, Appellant filed a timely notice of appeal. On March 7, 2016, the trial court directed Appellant to comply with Pa.R.A.P. 1925(b). Appellant complied on March 21, 2016, and the trial court issued a Pa.R.A.P. 1925(a) opinion on April 1, 2016.

Appellant raises five issues on appeal.

I. Whether the trial court erred and abused its discretion in imposing an excessive sentence?

II. Whether the trial court erred and abused its discretion by sentencing Appellant in the middle of the standard range when the trial court had previously stated its intent to consistently sentence co-defendants for their offenses?

III. Whether the trial court failed to give adequate consideration and weight to Appellant's mitigating factors?

IV. Whether the trial court improperly considered and gave too much weight to information not in evidence relative to drug-related deaths in the greater community and imposed an enhanced sentence on Appellant where she had not been charged with Drug Delivery Resulting in Death or any similar offense?

V. Whether the trial court improperly considered and/or gave too much weight to evidence and testimony adduced in Appellant's co-defendant's jury trial when Appellant entered pleas of Guilty?

Appellant's Brief at 7-8. All of Appellant's claims relate to the discretionary aspect of sentencing.

"[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court

during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." ***Commonwealth v. Gibbs***, 981 A.2d 274, 282-83 (Pa. Super. 2009)(quoting ***Commonwealth v. McAfee***, 849 A.2d 270, 275 (Pa. Super. 2004) (citation omitted)). In the matter *sub judice* Appellant failed to file a post-sentence motion or raise a challenge to the discretionary aspects of sentencing during the sentencing proceedings; therefore, Appellant's claims are waived.

Even if Appellant's claims were not waived, they would be meritless. Appellant's claims relate to the discretionary aspects of sentencing; therefore, she does not enjoy an absolute right to appeal but must present a substantial question to this Court that her sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process. ***Commonwealth v. Boyer***, 856 A.2d 149, 152 (Pa. Super. 2004). Appellant fails to establish a substantial question to this Court. Appellant was sentenced in the standard range and the trial court had the benefit of a pre-sentence investigation report, letters of support from individuals who know Appellant, Appellant's sentencing memorandum, and Appellant's statement at sentencing before fashioning Appellant's sentence. ***See generally*** N.T. Sentencing, 2/9/2016.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/19/2017